**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Young,<br><br>             Plaintiff,<br><br>v.<br><br>Owners Insurance Company, et al.,<br><br>             Defendants. | No. CV-20-08077-PCT-DWL<br><br>**ORDER** |

On April 15, 2020, the Court ordered Plaintiff to file an amended complaint, properly alleging the citizenship of each party. (Doc. 6.)  Specifically, the Court pointed out two defects in the complaint (Doc. 1):  (1) "Plaintiff failed to allege his own citizenship" (emphasis removed), and (2) "Plaintiff also failed to allege the place of incorporation of both defendants."  (Doc. 6 at 2.)

On April 23, 2020, Plaintiff filed a first amended complaint ("FAC").  (Doc. 7). The FAC properly alleges Plaintiff's citizenship (*id.* ¶ 5) but again fails to allege the place of incorporation of both defendants (*id.* ¶¶ 6-7).  The assertion that each corporate defendant is a citizen of a particular state is insufficient—the place of incorporation must be alleged.

Plaintiff must file yet another amended complaint to correct these deficiencies.[1] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if he chooses to do so.  *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

parties to amend defective allegations of jurisdiction at any stage in the proceedings.").

Accordingly,

**IT IS ORDERED** that within two weeks of the date of this Order, Plaintiff shall file an amended complaint properly alleging the citizenship of each party.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 25th day of April, 2020.

Dominic W. Lanza
United States District Judge