1  **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9   Bradley Young,                              No. CV-20-08077-PCT-DWL

10              Plaintiff,                       **ORDER**

11  v.

12  Owners Insurance Company, et al.,

13              Defendants.

14

15                        **INTRODUCTION**

16        In December 2018, Plaintiff Bradley Young sustained injuries when he and his then-
17  wife, Wendy Burdett, were struck by an uninsured motorcyclist.  In the aftermath of the
18  incident, Young's counsel sent a letter to Defendant Progressive Casualty Insurance
19  Company ("Progressive") asserting that Young was entitled to uninsured motorist benefits
20  under a policy that Progressive had issued to Young and Burdett.  In response, Progressive
21  sent a detailed letter to Young's counsel that identified several reasons why it believed
22  there was no coverage.  In this letter, Progressive also announced that it would be filing a
23  declaratory judgment action in Massachusetts, where the underlying policy had been
24  issued, to resolve the parties' dispute: "Progressive will be filing a Declaratory Judgment
25  Complaint in the United States District Court for the District of Massachusetts to obtain
26  declarations and orders from the Court as to its duties and obligations, if any, under the
27  [policy] issued to Mr. Young and Ms. Burdett.  We will forward a courtesy copy of the
28  Complaint to you . . . ."  (Doc. 21-2 at 10.)

1    The next day, in an apparent effort to beat Progressive to the courthouse, Young

2    filed this action.  He seeks a declaration that he is entitled to uninsured motorist benefits

3    under the policy issued by Progressive as well as under policies issued by two other

4    insurers, Commerce Insurance Company ("Commerce") and Owners Insurance Company

5    ("Owners").  About two weeks later, Progressive filed its planned lawsuit in Massachusetts,

6    which involves many of the same parties and raises similar issues.

7    Now pending before the Court is Progressive's motion to dismiss or transfer.  (Doc.

8    21.)  As explained below, the Court agrees with Progressive that Young should not profit

9    from his anticipatory filing of suit.  Thus, Young's claims against Progressive and

10   Commerce will be transferred to the District of Massachusetts, where they can be resolved

11   as part of Progressive's parallel action.  This outcome avoids the need to resolve

12   Progressive's other dismissal arguments.  Finally, Young's claim against Owners will not

13   be transferred because Owners is not a party in the Massachusetts action and may not be

14   subject to personal jurisdiction in Massachusetts.  Instead, the Court will sever Young's

15   claim against Owners and retain jurisdiction over it.

**BACKGROUND**

16

17   I.    Underlying Facts

18   The operative complaint alleges as follows.  On December 31, 2018, Young and

19   Burdett, who were married at the time, attended a party in Glamis, California.  (Doc. 20-1

20   ¶¶ 9, 12.)  While they were walking home from the party, an uninsured motorcyclist struck

21   and injured Young.  (*Id.* ¶¶ 13-19.)

22   Young contends his injuries are covered by the uninsured motorist provisions of

23   three different insurance policies—a motorcycle policy issued by Progressive, a

24   commercial automobile policy issued by Owners, and a personal automobile policy issued

25   by Commerce.  (*Id.* ¶ 20.)  Progressive and Owners denied coverage, and Commerce has

26   taken the position that its coverage is secondary to the other policies.  (*Id.* ¶¶ 21-22.)

27   Young is a citizen of Arizona.  (*Id.* ¶ 5.)  Owners is a citizen of Michigan,

28   Progressive is a citizen of Ohio, and Commerce is a citizen of Massachusetts.  (*Id.* ¶¶ 6-8.)

1    II.    Procedure History

2          On April 7, 2020, Progressive sent a 10-page letter to Young's counsel.  (Doc. 21-

3    2.)  The letter was in response to an earlier letter from Young's counsel, which is not part

4    of the record, concerning Young's claim for uninsured motorist benefits.  (*Id.*)  In its letter,

5    Progressive identified several reasons why it was denying coverage.  (*Id.*)  On the final

6    page of the letter, Progressive wrote: "Progressive will be filing a Declaratory Judgment

7    Complaint in the United States District Court for the District of Massachusetts to obtain

8    declarations and orders from the Court as to its duties and obligations, if any, under the

9    [policy] issued to Mr. Young and Ms. Burdett.  We will forward a courtesy copy of the

10   Complaint to you . . . ."  (*Id.* at 10.)

11         The next day, on April 8, 2020, Young initiated this action against Owners and

12   Progressive, invoking diversity jurisdiction.  (Doc. 1 at 1.)

13         On April 14, 2020, the Court ordered Young to file an amended complaint properly

14   alleging the citizenship of each party—including Owners' and Progressive's places of

15   incorporation—so the presence or absence of subject matter jurisdiction could be

16   established.  (Doc. 6.)

17         On April 23, 2020, Young filed a first amended complaint ("FAC").  (Doc. 7.)  It

18   failed to allege Owners' and Progressive's places of incorporation.  (*Id.*)

19         On April 27, 2020, the Court ordered Young to amend the complaint for a second

20   time to properly allege Owners' and Progressive's places of incorporation.  (Doc. 8.)

21         That same day, Progressive initiated an action in the District of Massachusetts,

22   seeking a declaration that it owed no obligation to provide insurance benefits to Young or

23   Burdett.    (Doc. 21-3 at 1-2.)    Progressive named Young, Burdett, the uninsured

24   motorcyclist, Commerce, and Auto-Owners Insurance Company ("Auto-Owners")—

25   which is not the same entity as Owners—as defendants.  (*Id.* at 1.)

26         On April 28, 2020, Young filed a second amended complaint ("SAC"), which

27   properly alleged Owners' and Progressive's citizenship.  (Doc. 9.)

28         On June 30, 2020, Young filed a third amended complaint ("TAC") adding

1    Commerce as a Defendant.  (Doc. 20-1.)  Although Commerce has not yet been served in

2    this action (Doc. 39), it has been served in the Massachusetts action (Doc. 37-1).

3        On July 6, 2020, Progressive filed its motion to dismiss or transfer.  (Doc. 21.)

4        On July 30, 2020, Owners and Young each filed a response.  (Docs. 30, 31.)

5        On August 6, 2020, Progressive filed a reply.  (Doc. 34.)

6        On August 21, 2020, the District of Massachusetts stayed Progressive's action

7    pending, *inter alia*, this Court's resolution of Progressive's motion.  (Doc. 37-1.)

8                                **DISCUSSION**

9    I.    <u>Federal Comity Rule And Anticipatory Filing</u>

10       A.    **Parties' Arguments**

11       As noted, Progressive sent a letter to Young's counsel on April 7, 2020 in which it

12   announced its intention to "fil[e] a Declaratory Judgment Complaint in the United States

13   District Court for the District of Massachusetts to obtain declarations and orders from the

14   Court" concerning its coverage obligations.  (Doc. 21-2 at 10.)  The very next day, Young

15   filed this action.  (Doc. 1.)  Thus, by the time Progressive filed suit in Massachusetts on

16   April 27, 2020, this action had already been pending for a few weeks.

17       In its moving papers, Progressive argues that it shouldn't be penalized for its

18   "laudable" effort to provide notice of its intended suit to Young and that Young shouldn't

19   be rewarded for his "sharp practice" of filing an anticipatory suit upon receiving such

20   notice.  (Doc. 21 at 4-5, 15-16; Doc. 34 at 3-4.)  Notably, Young doesn't address, let alone

21   challenge, these assertions in his response.  (Doc. 31.)

22       B.    **Analysis**

23       "[T]he doctrine of federal comity" is "a discretionary doctrine which permits one

24   district to decline judgment on an issue which is properly before another district."  *Church

25   of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 749 (9th Cir. 1979), *overruled

26   on other grounds by Animal Legal Defense Fund v. FDA*, 836 F.3d 987 (9th Cir. 2016) (en

27   banc).  "The purpose of the comity principle is of paramount importance.  The doctrine is

28   designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the

1    embarrassment of conflicting judgments." *Id.* at 750.

2         The federal comity rule is often referred to as the "first-to-file" rule. This is because

3    "[n]ormally sound judicial administration would indicate that when two identical actions

4    are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction

5    should try the lawsuit and no purpose would be served by proceeding with a second action."

6    *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Nevertheless,

7    courts applying the federal comity rule are not required to inflexibly defer to whichever

8    action was filed first. As the Ninth Circuit has explained, "this 'first to file' rule is not a

9    rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view

10   to the dictates of sound judicial administration." *Id.* In particular, "[t]he circumstances

11   under which an exception to the first-to-file rule typically will be made include bad faith,

12   anticipatory suit, and forum shopping." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d

13   622, 628 (9th Cir. 1991) (citation omitted).

14        Here, Progressive provided unambiguous notice to Young that it would be filing a

15   declaratory relief action in Massachusetts. In response, Young raced to the courthouse in

16   an apparent effort to be the first party to sue. This was an anticipatory filing. *See, e.g.,*

17   *Vantage Mobility, Int'l, LLC v. Braun Corp.*, 2006 WL 8441367, *2 (D. Ariz. 2006) ("A

18   suit which is filed on receipt of specific, concrete indications that a suit by the defendant

19   was imminent is an anticipatory suit.") (internal quotation marks omitted); *Guthy-Renker

20   Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998)

21   ("Filing a declaratory action after receipt of an intent to sue letter favors a finding that the

22   first-filed suit was done for anticipatory, forum shopping purposes."). Thus, the Court

23   concludes that the coverage dispute between Young and Progressive "is properly before

24   another district," *Church of Scientology,* 611 F.2d at 749, *i.e.,* the District of Massachusetts,

25   and the federal comity principle counsels in favor of allowing that court to resolve their

26   dispute.

27        To achieve this outcome, the Court will transfer the overlapping claims to the

28   District of Massachusetts in lieu of dismissing them. *Cf. Alltrade*, 946 F.2d at 628-29

1    (noting that "[a]lthough this court has on past occasions affirmed dismissal of second-filed

2    actions," the proper remedy is usually to stay or transfer).[1]  Other courts have followed this

3    approach in analogous circumstances.  For example, in *Vantage Mobility,* Braun accused

4    Vantage of patent infringement and suggested it would file suit if the allegations were not

5    resolved to its satisfaction.  2006 WL 8441367 at *1.  In response, Vantage filed a

6    declaratory relief action in the District of Arizona.  *Id.* at *1-2.  Three days later, Braun

7    filed the threatened patent infringement action in the Northern District of Indiana, and

8    Braun thereafter filed a motion to dismiss or transfer the Arizona action.  *Id.* at *1-2.  The

9    Arizona court granted the motion to transfer, emphasizing that "[t]o allow this case to

10   remain in Arizona would discourage negotiation and settlement and encourage a race to

11   the courthouse to gain the forum of one's choice.  Transferring this case to the Northern

12   District of Indiana is in the interests of justice."  *Id.* at *3.

13          Similarly, in *Sturdy Gun Safe, Inc. v. Rhino Metals, Inc.*, 2019 WL 652862 (E.D.

14   Cal. 2019), Rhino Metals sent a letter to Sturdy Safe raising allegations of patent

15   infringement and threatening to "pursue [those] claims in federal court."  *Id.* at *1.  About

16   a month later, after the parties' settlement negotiations reached an impasse, Sturdy Safe

17   filed a declaratory judgment action in the Eastern District of California.  *Id.* at *1.  One

18   week later, Rhino filed the threatened patent infringement action in the District of Idaho,

19   and Rhino thereafter filed a motion to transfer or dismiss the California action.  *Id.* at *2.

20   The California court granted the motion to transfer, holding that "it is appropriate to depart

21   from the first-to-file rule because the instant action appears to be an anticipatory suit" and

22   that "the filing of [Sturdy Safe's] complaint in this court was anticipatory and a method of

23   forum shopping.  For the sake of judicial economy and efficiency, and in the interest of

24   justice, the court will transfer this declaratory judgment action to the United States District

25   [1]      This is one of the outcomes that Progressive sought in its moving papers.  Although
26   Progressive didn't use the magic words "federal comity principle" or "anticipatory filing"
     when explaining why it is entitled to relief based on Young's tactics, it identified the first-
27   filed issue as one of the reasons why dismissal or transfer was warranted.  (Doc. 21 at 15-
     16.)  Moreover, even if Progressive hadn't identified this issue in its moving papers, the
28   Court would retain the authority to apply it *sua sponte*.  *Hilton v. Apple Inc.*, 2013 WL
     5487317, *10 (N.D. Cal. 2013) ("[T]here is authority supporting a district court *sua sponte*
     transferring under the first-to-file rule.") (citations omitted).

1    Court for the District of Idaho." *Id.* at \*8-9.

2    　　　Thus, the Court will transfer Young's claim against Progressive to the District of

3    Massachusetts.  The Court will also transfer Young's claim against Commerce to the

4    District of Massachusetts because Commerce is already a party in that action (and has not,

5    in contrast, been served in this action).

6    II.     Owners

7    　　　Owners filed a response to Progressive's motion.  (Doc. 30.)  Owners contends that

8    it "is not subject to jurisdiction in the state of Massachusetts" and thus, although it "agrees

9    that a declaration resolving the pending coverage issues is necessary and appropriate . . . ,

10   should this Court determine that a transfer is appropriate, Owners moves to sever the claims

11   against it so that those claims remain here and are litigated in Arizona."  (Doc. 30 at 1.)

12   Young, in turn, doesn't directly address Owners' severance request, although he does state

13   that he "joins and incorporates the arguments set forth" in Owners' response.  (Doc. 31 at

14   7.)  Finally, Progressive states in its reply that it is amenable to a transfer to the District of

15   Massachusetts "whether that transfer includes the claims against Owners . . . or not."  (Doc.

16   34 at 1-2.)

17   　　　Given this backdrop, the Court will sever Young's claim against Owners and retain

18   jurisdiction over that claim.  This outcome avoids the need to resolve the merits of Owners'

19   arguments  concerning  the  existence  (or  lack  thereof)  of  personal  jurisdiction  in

20   Massachusetts.   Additionally,  it  would  be  unnecessary  and  arguably  inappropriate  to

21   transfer Young's claim against Owners to the District of Massachusetts pursuant to the

22   federal comity principle because Progressive has not named Owners as a party in that

23   action—instead, it named a different entity called Auto-Owners.  (*Compare* Doc. 20-1 ¶ 6

24   ["Defendant Owners Insurance Company is a Michigan corporation with its principal place

25   of business in Michigan and is a citizen of Michigan."] *with* Doc. 21-3 ¶ 11 ["The

26   Defendant, Auto-Owners Insurance Company (Auto-Owners), is a mutual insurance

27   company incorporated under the laws of Michigan . . . ."].  *See also* Doc. 30-2 ¶ 7 ["Each

28   company is a separate, legally distinct entity for the purposes of taxation, regulation and

1   liability."].)

2      Accordingly, **IT IS ORDERED** that:

3      (1)    Progressive's motion to dismiss or transfer (Doc. 21) is **granted in part and**

4 **denied in part**.

5      (2)    Young's claims against Progressive and Commerce are **severed**, and the

6 Clerk of Court is ordered to **transfer** Young's claims against Progressive and Commerce

7 to the District of Massachusetts.

8      (3)    This Court will retain jurisdiction over Young's claim against Owners.

9      Dated this 27th day of October, 2020.

Dominic W. Lanza
United States District Judge