**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Young, | No. CV-20-08077-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Owners Insurance Company, et al., | |
| Defendants. | |

In this declaratory relief action, Plaintiff Bradley Young ("Plaintiff") sought a determination that an insurance policy issued by Defendant Owners Insurance Company ("Defendant") provided coverage for an incident in which Plaintiff was struck by an uninsured motorcyclist. In a December 2021 summary judgment order, the Court ruled in Defendant's favor, concluding there was no coverage obligation. (Doc. 72.)

Now pending before the Court is Defendant's motion for $61,477.50 in attorneys' fees and $793 in costs. (Doc. 75.) For the following reasons, the motion is denied.

**DISCUSSION**

I.   The Parties' Arguments

Defendant contends it is entitled to recover its reasonable fees and costs under A.R.S. § 12-341 because the underlying action arose from contract and it was the prevailing party. (Doc. 75 at 1-2.) Defendant acknowledges that an award under § 12-341 is discretionary but contends the Court should exercise its discretion in favor of an award here because "Plaintiff's arguments were not meritorious," "[l]itigation could not have

been avoided here," "the legal questions were not novel," and an award of fees "will not discourage others with tenable claims or defenses from litigating or defending legitimate contract issues." (*Id.* at 3.)

Plaintiff opposes Defendant's motion. (Doc. 78.) Plaintiff does not challenge the overall reasonableness of Defendant's fee request but contends the Court should exercise its discretion to deny fees for five reasons: (1) his arguments were "colorable and not frivolous," given that "[a] careful reading of the court's ruling on the joint Motions for Summary Judgment . . . indicates that this was . . . a close decision"; (2) "there was no offer of settlement" by Defendant, and thus "the only way to have avoided litigation was to accept [Defendant's] denial of coverage"; (3) Plaintiff "does not own property and has no assets," and thus "imposition of attorney's fees would cause extreme hardship"; (4) this case presented "a novel question of law," in that neither side was "able to find a case directly on point"; and (5) "[a]warding attorney's fee in this matter could have a chilling effect on those looking to exercise their rights." (*Id.* at 2-3.) Plaintiff has also submitted an affidavit corroborating the statements in his brief regarding his financial condition and the risk of extreme hardship. (Doc. 78-1.)

In reply, Defendant acknowledges that Plaintiff's claims were not frivolous and that this litigation could not have been avoided by settlement and does not dispute Plaintiff's evidence that imposing a fee award "might cause some hardship." (Doc. 82 at 1-2.) Nevertheless, Defendant argues that the relevant factors, on balance, favor a fee award. (*Id.* at 1-3.)

II. <u>Analysis</u>

A.R.S. § 12-341.01(A) provides in relevant part that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Here, both sides agree that Defendant is the successful party and that this action arises out of a contract. However, § 12-341.01 does not compel an award of attorneys' fees to the prevailing party in every contract action. "The legislature used the phrase 'may award' in authorizing the trial judge to award a successful contract

litigant reasonable attorney's fees. The natural import of this phrase is to vest discretion in the trial court to determine the circumstances appropriate for the award of fees." *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). The factors Arizona courts have identified as "useful" in determining whether to award fees pursuant to § 12-341.01 include (1) the merits of the claim or defense of the unsuccessful party; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question was novel or had been previously adjudicated; and (6) whether an award would discourage other parties with tenable claims or defenses from litigating them. *Id.*

Having considered those factors, the Court concludes, in its discretion, that a fee award would be inappropriate. Plaintiff's coverage arguments were not frivolous and presented a fairly close call, Plaintiff had no choice but to file this lawsuit to resolve the parties' dispute, and assessing fees against Plaintiff could cause extreme hardship. Awarding fees in this circumstance could discourage other parties with tenable claims from litigating them. Thus, even though some of the other factors may cut in Defendant's favor, on balance the relevant considerations favor Plaintiff.

Accordingly,

**IT IS ORDERED** that Defendant's motion for attorneys' fees and costs (Doc. 75) is **denied**.

Dated this 7th day of March, 2022.

Dominic W. Lanza
United States District Judge